IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RICHARD B. GLAWSON**
    **Petitioner,**

**v.**                                                                                                               Civil Action No. 3:17-CV-75
                                                                                                             (GROH)

**JENNIFER SAAD, Warden,**
    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On June 23, 2017, the *pro se* Petitioner, Richard B. Glawson, an inmate at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence in light of the United States Supreme Court's decisions in <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), <u>Mathis v. U.S.</u>, 136 S.Ct. 2243 (2016), and <u>Sessions v. Dimaya</u>,[1] 138 S.Ct. 1204 (2018). On August 7, 2017, Petitioner filed a memorandum of law in support of his petition. ECF No. 8.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1] At the time Petitioner filed his petition and memorandum of law, Sessions v. Dimaya, styled as Lynch v. Dimaya, had been decided by the 9th Circuit in 803 F.3d 1110 (9th Cir. 2015), and certiorari had been granted in Lynch v. Dimaya, 137 S.Ct. 31 (2016).

## II. Factual and Procedural History[2]

**A. Conviction and Sentence**

On February 17, 2005, in the United States District Court for the Middle District of Georgia, a two-count indictment was returned against Petitioner in Case No. 3:05-CR-13. ECF No. 1. A four-count superseding indictment was returned against Petitioner on September 21, 2005. ECF No. 24. On May 16, 2007, a seven-count second superseding indictment was returned against Petitioner, which charged Petitioner in: Count 1, with Distribution of Cocaine Base; Count 2 with Distribution of Marijuana; Counts 3 and 4 with Distribution of Cocaine Base; Count 5 Possession with Intent to Distribute Marijuana; Count 6 with Possession of Firearm by Convicted Felon; and Count 7 with Escape from Custody. ECF No. 84. Following a jury trial, on October 31, 2007, Petitioner was found guilty as to all seven counts. ECF No. 106. On March 13, 2008, Petitioner was sentenced to 60 months in prison for Counts 2, 5 and 7, to 120 months in prison for Count 6, to 240 months in prison for Count 1, and to 327 months imprisonment for Counts 3 and 4. ECF Nos. 110. The sentences for all counts were ordered to be served concurrently with one another. Id.

**B. Appeal**

On March 14, 2008, Petitioner filed a notice of direct appeal with the Eleventh Circuit Court of Appeals,[3] which on September 8, 2009, affirmed the District Court. ECF

---

[2] The facts are taken from the Petitioner's criminal Case No. 3:05-CR-13 in the United States District Court for the Middle District of Georgia, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

[3] In the Eleventh Circuit, Petitioner's direct appeal was assigned docket number 08-11197-C.

Nos. 112, 128. Petitioner sought a writ of certiorari from the Supreme Court, which was denied. ECF No. 130.

### C. Motions to Vacate, Appeals Thereof and other Motions for Relief

On September 27, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the sentencing court. ECF No. 131. The District Court denied Petitioner's motion for relief under § 2255 on December 21, 2011. ECF No. 144. On February 17, 2012, Petitioner filed a notice of appeal and application for a certificate of appealability[4], which certificate was denied on February 23, 2012. ECF Nos. 149, 150, 151, 152.

While Petitioner pursued his motion to vacate in the sentencing court, he also, on August 19, 2011, pursued relief by filing what was construed as a motion to reduce sentence, which was denied on the same date. ECF Nos. 136, 137. Following the October 28, 2011, filing of the Magistrate Judge's Report and Recommendations [ECF No. 139], on November 9, 2011, Petitioner filed a second motion which was construed as a motion to reduce sentence. ECF No. 141. Following Petitioner's request for a ruling on his second motion to reduce his sentence [ECF No. 148], the District Court denied the motion on May 18, 2012. ECF No. 153. Petitioner filed a notice of appeal[5] of the denial of his second motion to reduce sentence issue on June 7, 2012. ECF No. 154. By unpublished per curiam opinion filed on February 11, 2013, the Eleventh Circuit affirmed the district court's denial of Petitioner's motion to reduce his sentence,

---

[4] In the Eleventh Circuit, Petitioner's § 2255 appeal was assigned docket number 12-10885-B.

[5] In the Eleventh Circuit, Petitioner's appeal of the denial of his motion to reduce sentence was assigned docket number 12-13037. ECF No. 155.

3

finding that "he was ineligible for a sentence reduction under [18 U.S.C.] § 3582(c)(2)." ECF No. 160 at 6.

Thereafter, on June 13, 2013, Petitioner filed with the District Court a motion for relief under Rule 60(b). ECF No. 162. On April 9, 2014, the District Court dismissed that motion as a second or successive § 2255 petition. ECF No. 166. Petitioner filed a notice of intent to appeal[6] this denial of relief on May 9, 2014. ECF No. 168. On November 20, 2014, the Eleventh Circuit denied Petitioner's motion for reconsideration because he "offered no new evidence or arguments of merit to warrant relief." ECF No. 176. The Supreme Court denied a writ of certiorari on the issue on April 8, 2015. ECF No. 177.

Petitioner filed a third motion to reduce sentence in the District Court on July 19, 2016, which was denied by order entered September 22, 2017. ECF Nos. 178, 182.

On July 27, 2016, the Eleventh Circuit denied Petitioner's June 27, 2016 motion[7] for leave to file a successive motion to vacate his sentence. ECF No. 180.

On October 3, 2017, Petitioner filed a fourth motion to reduce sentence, which motion was denied by order entered January 11, 2018. ECF Nos. 184, 186.

### D. Instant § 2241 Petition

Petitioner claims that his petition concerns his sentence, specifically his designation as a career offender. ECF No. 1 at 1, 5, 6, 8. The petition asserts two grounds for relief: (1) that the Supreme Court's decisions in <u>Mathis</u> and <u>Descamps</u> support his claim that he was actually innocent of the career offender sentencing

---

[6] In the Eleventh Circuit, Petitioner's appeal of the denial of his Rule 60(b) motion was assigned docket number 14-12059. ECF No. 171.

[7] In the Eleventh Circuit, Petitioner's motion to file a successive § 2255 petition was assigned docket number 16-14530.

enhancement; and (2) the Supreme Court's decision in <u>Dimaya</u> supports his claim that his prior robbery conviction was not a crime of violence. ECF No. 1 at 5 – 6.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention after his previous § 2255 motion was unsuccessful, arguing that, "Mathis is not a constitutional law but a statutory law." ECF No. 1 at 9. As relief, the Petitioner requests that this Court: (1) remove the career offender enhancement; (2) vacate his sentence; and (3) remand the case for resentencing without any enhancement. . ." ECF No. 1 at 8.

### III. Legal Standard

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the

Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.  Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[9] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

8

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### IV. Analysis

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Petitioner's two grounds essentially allege one claim: that his sentence was improperly enhanced by the sentencing court. ECF No. 1 at 5 - 6. Neither of the claims relate to the execution of sentence or calculation of sentence by the BOP. Instead, both claims relate to the validity of Petitioner's sentence imposed in the Middle District of Georgia. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[10]

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Because Petitioner is not contesting his conviction,[11] the Jones standard does not apply to his petition for relief. Instead, the Court must review the petition which contests the imposed sentence under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, Petitioner cannot meet the

---

[10] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

[11] Petitioner does not allege that he is actually innocent of the crimes for which he was convicted, rather, he only challenges the sentence imposed by the Court. Petitioner concedes as much when in the conclusion to his memorandum of law where he claims that, "neither his prior drug [n]or robbery cases qualify as predicates for a career offender enhancement, and [ ] he is actually innocent of that designation." ECF No. 8 at 14. Critically, Petitioner uses the phrase "actually innocent" only in relation to his assertion that he is actually innocent of the career offender enhancement.

9

second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

Petitioner asserts [ECF No. 8 at 11] that he is entitled to relief under Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015), in which the Supreme Court struck the residual clause of the ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. The only portion of the ACCA that was invalidated[12] was the residual clause of 18 U.S.C. § 924 which defines "violent felony" as any crime punishable by more than one year in prison "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . " 18 U.S.C. § 924(e)(2)(B)(ii). Moreover, in order to be entitled to raise a Johnson argument regarding the invalidity of the residual clause of 18 U.S.C. § 924, Petitioner must first have demonstrated that was sentenced under the ACCA. He was not, and accordingly, Johnson affords him no relief. Moreover, even if Johnson were applicable to Petitioner's situation, his Johnson claim is untimely raised.[13]

Finally, Petitioner's reliance on Mathis is misplaced, because the Supreme Court in Mathis unequivocally stated that it was not announcing a new rule and that its

---

[12] The provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive . . ." remain in full force and effect as well. 18 U.S.C. § 924(e)(2)(B).

[13] The one year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expired on June 26, 2016.

decision was dictated by decades of precedent. 136 S.Ct. at 2257. Moreover, the holding of Mathis has not been held to be retroactive to cases on collateral review. Walker v. Kassell, __ Fed. Appx. __, 2018 WL 2979571 (June 13, 2018). Because Mathis does not announce a new rule of law, and is otherwise irrelevant to the determination of whether Petitioner can assert his claims under § 2241, Petitioner cannot meet the second prong of Wheeler. It is clear that Petitioner attacks the validity of his sentence, but fails to establish that he meets all four of the Wheeler requirements. Accordingly Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241.

For all the above reasons, Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the

basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 18, 2018

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE